**Miss Florence Ella HATTON et al., Plaintiffs-Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF MAURY COUNTY, TENNESSEE, et al., Defendants-Appellees.**

**Nos. 19388, 19614.**

United States Court of Appeals, Sixth Circuit.

Feb. 26, 1970.

---

No. 19388:

Conrad K. Harper, New York City, Avon N. Williams, Jr., Z. Alexander Looby, Nashville, Tenn., Jack Greenberg, James M. Nabrit, III, Franklin E. White, W. Haywood Burns, New York City, on brief, for appellants.

Charles A. Trost, Columbia, Tenn., Pride Tomlinson, Jr., Maury County Atty., Columbia, Tenn., on brief; Courtney & Trost, Columbia, Tenn., of counsel, for appellees.

No. 19614:

Jack Kershaw, Nashville, Tenn., for appellants.

Sylvia Drew, New York City, Jack Greenberg, James M. Nabrit, III, Norman J. Chachkin, New York City, Avon N. Williams, Jr., Nashville, Tenn., on brief, for appellees.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Two separate appeals have been perfected in this school desegregation case involving the school system of Maury County, Tennessee.

In No. 19,388 the appellant is Miss Florence Ella Hatton, a Negro school teacher who was discharged by the County Board of Education. She sought an injunction to compel her reinstatement as a teacher in the Maury County School system with backpay from the date of her dismissal until the date of reinstatement, claiming deprivation of her rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment and Sec. 601 of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000d. The District Court denied relief. Miss Hatton appeals.

In No. 19,614 the appellants are five petitioners who sought to intervene in the school desegregation action as defendants and cross-plaintiffs and as citizens of Maury County for the purpose of opposing the desegregation plan submitted by the County Board of Education in compliance with the order of the District Court. The District Court refused to grant leave to intervene. Petitioners appeal from the order of the District Court denying intervention.

## No. 19,388

Miss Hatton was graduated from Tennessee State University with the degree of bachelor of science and holds a certificate as an elementary school teacher issued by the Tennessee Department of Education. At the time of her discharge she had been employed by the County Board of Education for six years and was entitled to all tenure rights provided by the State Teachers' Tenure Law, T.C.A. Sec. 49–1401 et seq. She acquired tenure at the conclusion of the

1965–66 school year when she taught in an all-Negro two-teacher elementary school. For two years prior to her discharge Miss Hatton had been assigned to the all-Negro Macedonia elementary school as part of an all-Negro faculty. She served as fourth grade homeroom teacher, instructor of health and physical education and social studies and part-time librarian. This position was funded under a federal program providing educational opportunities to disadvantaged and economically deprived children, known as Title One of Public Law 89–10, 20 U.S.C.A. § 241a et seq. Miss Hatton was re-employed by the County Board of Education to teach at the Macedonia school for the 1968–69 school year and participated in the in-service training program from August 21, 1968, to August 26, 1968. Two days before the opening of school she was notified that her position at the Macedonia school had been eliminated due to declining enrollment and a decrease in Title One funds.

The District Court held that the failure of the Board of Education to re-employ Miss Hatton was not due to the fact that she was a member of the Negro race. The Board contended that Miss Hatton is an incompetent teacher. The District Court declined to make a finding on the question of incompetency, pointing out that this could become an issue under the Tennessee Teachers' Tenure Law.

■ We reverse for failure of the Board of Education to comply with the standards required by this Court in Rolfe v. County Board of Education of Lincoln County, Tennessee, 391 F.2d 77 (6th Cir.), which we consider to be controlling in the present case. See also Hill v. Franklin County Board of Education, 390 F.2d 583 (6th Cir.). *Rolfe* involved two non-tenure Negro teachers. Miss Hatton is in a stronger position to claim the right of continued employment because she is a tenure teacher. Although the remedies under the State Teachers' Tenure Law are in the State courts and not the federal courts, we find it significant in the present case that non-tenure white teachers have been employed in the Maury County School System after the discharge of Miss Hatton, while she, a Negro tenure teacher, remained unemployed. T.C.A. Sec. 49–1410 provides that a tenure teacher who has been dismissed because of abolition of position shall be placed on a preferred list for re-employment in the first vacancy he or she is qualified by training and experience to fill. If the Board of Education discharged this teacher because of incompetence, the Tenure law prescribes the procedure to be followed, including a written notice and copy of charges, T.C.A. Sec. 49–1415, and a hearing before the Board of Education, T.C.A. Sec. 49–1416. The term "incompetence" is defined in the State statute. T.C.A. Sec. 49–1401(9). These prcedures were not followed with respect to Miss Hatton.

We reverse the judgment in No. 19,388 and remand the case to the District Court with instructions to issue an appropriate order directing the reinstatement of Miss Florence Ella Hatton as a teacher in the Maury County School System and that she be paid from the date of her discharge to the date of reinstatement at not less than the salary contracted for the 1968–69 school year.

### No. 19,614

■ We hold that the District Judge did not abuse his discretion in refusing to permit petitioners to intervene and that these petitioners were not entitled to intervene as a matter of right under Rule 24(a), Fed.R.Civ.P. We agree with the order of the District Court, which is made an appendix to this opinion.

The judgment of the District Court in No. 19,388 is reversed and remanded. The order in No. 19,614 is affirmed.

### APPENDIX

### ORDER

At the conclusion of a hearing held in this case on October 8 and 9, 1968, this

court held, *inter alia*, that the freedom-of-choice plan under which the defendant County Board of Education of Maury County, Tennessee, had been operating the County's public schools had failed to dismantle effectively the dual system of education in the county. Therefore, in accordance with the recent Supreme Court decisions in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed. 2d 716 (1968) and its companion cases,[1] the court directed the Board of Education to submit a plan designed to effect the complete desegregation of all the schools in the County school system by the beginning of the 1969–70 school year.[2]

Defendants filed such a plan with the court on February 7, 1969. On that same date a motion to intervene was filed by five petitioners[3] who assert that they are citizens of Maury County, and that they are parents of children attending the County's public schools. Plaintiffs have filed a brief in opposition to the proposed intervention.

In their proposed pleading petitioners assert that they represent "the large majority" of the citizens of Maury County, " * * * who believe that they should have the right to choose the school they wish to patronize, regardless of race, creed, or color, and that they should not be compelled to attend a school for purpose of achieving racial balance." By their petition, they seek, in substance, to re-litigate the issues heretofore decided by the Supreme Court in its various school desegregation cases,[4] by offering evidence which would tend to indicate that " * * * compulsory association in the schools will work great injury upon members of both races."

1. *Intervention of Right.*—Petitioners maintain that they should be permitted to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure. That rule provides in relevant part:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * *

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The first requirement of the Rule is that the applicant have an interest in the subject matter of the action. The provision on interest quoted above was added by the 1966 amendments to the Federal Rules of Civil Procedure. Since the amendment there has been a dearth of cases defining the kind of interest re-

1. Raney v. Board of Education of Gould School District, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Monroe v. Board of Commissioners of Jackson, Tenn., 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968).

2. In its original order, entered October 17, 1968, the court ordered the defendants to submit two plans, one calling for the desegregation of Grades 7 through 12 at the beginning of the second semester of the current school year, and one providing for the complete desegregation of all grades by the beginning of the 1969–70 school year. Defendants were permitted to offer reasons why desegregation of Grades 7 through 12 could not be accomplished effectively during the current school year. Defendants submitted a plan

as called for in the order of October 17, 1968, and a hearing was held at which defendants offered evidence to establish that mid-year desegregation of Grades 7 through 12 could not be accomplished. By order entered December 13, 1968, the court ruled that defendants had established that mid-year desegregation could not be effectively accomplished.

3. The petitioners are Leonard C. Hickman, Jack Loveless, W. H. Thomas, James Bryant and John G. Whitehead.

4. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Green v. County School Board of New Kent County, *supra;* and cases cited in note 1, *supra.*

quired by the Rule. The only Supreme Court case touching on the question is Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). In that case the Court did not provide clear guidelines to follow in determining the sufficiency of an applicant's interest. However, a fair interpretation of the decision would indicate that the term "interest" in the amended Rule 24(a) should be construed liberally.

In this case the only interest claimed by the petitioners is that they are residents of Maury County and parents of children enrolled in the County's public schools. Although the interest claimed is of a general and indefinite character, it would seem to the Court to be sufficient to permit intervention under the liberal construction of the Rule suggested in *Cascade*.

Although petitioners would seem to have a sufficient interest in the suit to intervene, this is not dispositive of their motion, for Rule 24(a) further requires the applicant to show that his interest is not adequately represented by existing parties to the litigation. Upon consideration, the court is of the opinion that petitioners have failed to make this showing of inadequate representation.

There is nothing in petitioner's motion papers to indicate that their interests as residents of Maury County and parents of children attending the public schools are not being adequately represented by the present defendants. The record indicates that the defendants have advanced every reasonable defense to this action, and petitioners have made no allegation of collusion, bad faith, or gross negligence on the part of the Board of Education in defending the suit.

Petitioners seem to rely on the fact that, because the plaintiffs had standing as parents to bring suit against the School Board, they, as parents, should be allowed to intervene. This contention is without merit. Intervention is concerned with something more than standing to sue. It is concerned with protecting an interest which can only be protected through intervention in the current proceeding. This is not the situation here. Accordingly, therefore, petitioners' motion to intervene as of right under Rule 24(a) is denied.[5] Hobson v. Hansen, 44 F.R.D. 18 (D.D.C. 1968).

2. Permissive Intervention.—Petitioners also contend that they should be permitted to intervene permissively under Rule 24(b) of the Federal Rules. That Rule provides, in relevant part:

"(b) Permissive Intervention. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

As the Rule clearly indicates, permissive intervention is, by definition, in the discretion of the trial court. See 4 Moore's Federal Practice ¶ 24.10[4] (2d ed. 1968). Upon consideration, the court is of the opinion that to permit intervention here would unduly delay and prejudice the rights of the present plaintiffs, particularly since the legal position which the petitioners seek to advance is well settled adversely to them. Accordingly, petitioners' motion to intervene permissively under Rule 24(b) is denied.

It is so ordered.

---

5. The Fifth Circuit has held that " * * intervention in school cases is not a matter of right but of discretion upon good cause being shown." Stell v. Savannah-Chatham County Board of Education, 333 F.2d 55, 60 (5th Cir.), cert. denied, 379 U.S. 933, 85 S.Ct. 332, 13 L.Ed.2d 344 (1964), citing St. Helena Parish School Board v. Hall, 287 F.2d 376 (5th Cir.), cert. denied, 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961). However these decisions were reached prior to the 1966 revision of Rule 24(a).