Tallulah MORGAN, et al., Plaintiffs, Appellees,

v.

John J. McDONOUGH, et al., Defendants, Appellees.

Boston Home and School Association, Intervenor, Appellant.

No. 83–1155.

United States Court of Appeals, First Circuit.

Argued Nov. 8, 1983.

Decided Jan. 30, 1984.

Thayer Fremont-Smith, Boston, Mass., with whom Michael Loucks, Choate, Hall & Stewart, Wm. Shaw McDermott, and McDermott & Rizzo, Boston, Mass., were on brief, for intervenor-appellant.

Thomas I. Atkins, Boston, Mass., for Tallulah Morgan, et al.

Before CAMPBELL, Chief Judge, SWY-GERT,[*] Senior Circuit Judge, and BOWNES, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

Boston Home and School Association ("BHSA") appeals from the district court's order dated December 23, 1982, dismissing it as an intervening party in the continuing Boston school desegregation case. 554 F.Supp. 169, 174 (D.Mass.1982).

BHSA, a voluntary parent organization,[1] was allowed to intervene in the case late in 1974. The district court was then at work on the "remedy phase," having already found that the Boston School Committee and co-defendants had unconstitutionally segregated the city's public school system. *Morgan v. Hennigan*, 379 F.Supp. 410 (D.Mass.), *aff'd, Morgan v. Kerrigan*, 509 F.2d 580 (1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975).

BHSA's 1974 motion to intervene came on the heels of a court order directing the creation of new, so-called racial-ethnic parents councils and a Citywide Parents Advisory Council ("CPAC") to coordinate them. In the motion, BHSA relied both on clause (a), intervention of right, and clause (b), permissive intervention, of Fed.R.Civ.P. 24. It contended that, without intervenor status, it could not speak out properly on "matters of interest to tens of thousands of Boston parents." BHSA concluded the statement which accompanied its motion to intervene by saying that "the interests of the Association and its members cannot possibly be, as a practical matter, 'adequately represented by existing parties.'"

When it allowed BHSA's original motion, the court did not say whether it did so of right or permissively. The court simply "granted" the motion and made intervention "subject to the following conditions":

1. Intervention is granted only as to the issues related to desegregation of students and the formulation of a student desegregation plan. The Association may continue to participate as amicus curiae as to other issues.

2. The Association shall not reopen any question or issue which has been decided previously by the court, including the findings of fact and conclusions of law in the court's opinion of June 21, 1974.

3. The Association will not file counterclaims, impleaders or cross-claims, or seek the joinder of additional parties or the dismissal of present parties, except by leave of court.

4. As appropriate, the court retains the power to add to or modify the conditions of intervention.

BHSA thereafter participated actively in the school case, frequently taking the position that while desegregation was needed, the district court's remedies were extreme.

On May 29, 1981, more than six years after it had intervened, BHSA joined with the Boston School Committee in a motion requesting the district court to end its jurisdiction over student assignments on the ground that maximum practicable compliance with the court's desegregation orders had by then been achieved. The court has not acted on that motion.

---

* Of the Seventh Circuit, sitting by designation.

1. In its brief, BHSA describes itself as a "citywide parent organization" founded in 1908 "comprised of thousands of parents of all ethnic and racial groups in scores of local Home and School Associations centered at various public schools throughout the City of Boston." Membership is open to any school parent; these parent members elect representatives to a central body that sets policy by majority vote.

On December 23, 1982, following fruitless efforts to negotiate a consent decree terminating or lessening court involvement, the district court issued the so-called Memorandum and Orders of Disengagement (the "disengagement orders"). The court announced therein that substantive orders entered throughout the life of the case, e.g., standards for student assignments and transfers, the assignment of teachers and staff, student transportation and discipline, and parent participation, among many others, were all to remain in place. However, the court also announced that the state board of education was to replace the court as a primary "mechanism of administration" for monitoring compliance with these orders.

In the part of the disengagement orders that is the subject of the present appeal, the district court dismissed BHSA from the case, stating as follows:

> BHSA is dismissed as an intervening party in this case, the school committee having recognized the Citywide Parents Council (CPC) as the representative of "the concerns of all parent groups" in this litigation. BHSA may continue to participate as amicus curiae regarding modifications of outstanding orders pursuant to § VI, and particularly regarding beacon and linkage proposals "should they be introduced by the defendants" or other principal parties. *See Morgan v. McDonough*, 689 F.2d 265 at p. 280.[3]

[3] The court finds that BHSA has no remaining legal interest regarding administration or modification of orders in this case. Indeed, the duration and extent of BHSA's participation in this case have significantly exceeded the court's intentions at the time BHSA was granted status as an intervening party. With respect to the interests of parents and school personnel, its participation has become redundant.

554 F.Supp. at 174 & n. 3. Of several intervenors, BHSA was the only one to be dismissed altogether. However, other intervenors were limited as to the issues on which their status as intervening parties would be recognized. The Boston Teachers Union and Concerned Black Educators of Boston were limited as intervenors to matters concerning teacher hiring, transfer and promotion; and the Boston Association of School Administrators and Supervisors was limited to the rights of headmasters, principals and other supervisory personnel. Only El Comite de Padres Pro Defensa de la Education Bilingue ("El Comite") continued to retain full party status under the disengagement orders.

BHSA argues that it had originally intervened of right under Rule 24(a), and therefore the court lacked the power to dismiss it from the case. To intervene of right under Fed.R.Civ.P. 24(a),

1. The applicant must claim an interest relating to the property or transaction which is the subject of the action;

2. disposition of the action must threaten to impair or impede his ability to protect that interest; and

3. the applicant's interest must not be adequately represented by existing parties.

Courts have generally assumed that parent organizations seeking to intervene in a desegregation case meet the first two requirements. The Seventh Circuit has said,

> It may be conceded for purposes of this appeal that "[a]ll students and parents, whatever their race, have an interest in a sound educational system and in the operation of that system in accordance with law." . . . It may also be conceded that this asserted interest might, as a practical matter, be impaired by the disposition of this litigation.

*United States v. Board of School Commissioners*, 466 F.2d 573, 575 (7th Cir.1972) (citations omitted), *cert. denied*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973). *See also Johnson v. San Francisco Unified School District*, 500 F.2d 349, 353 (9th Cir. 1974); *Hatton v. Board of Education*, 422 F.2d 457, 461 (6th Cir.1970).

■ Parent groups have usually foundered, however, with respect to the third requirement—that the parents' interest in educational and desegregation matters not be adequately represented by others. This third requirement is critical in a school desegregation context, because it serves to

prevent "a cluttering of lawsuits with multitudinous useless intervenors." Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure*, 81 Harv.L.Rev. 356, 403 (1967), *quoted in* C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1909. When a party is charged by law with representing the interest of the applicant, then adequate representation is presumed. *Id.* at § 1909. A school board is normally deemed to represent adequately the interests of parents and children in the district. *Cisneros v. Corpus Christi Independent School District*, 560 F.2d 190 (5th Cir.1977), *cert. denied*, 434 U.S. 1075, 98 S.Ct. 1265, 55 L.Ed.2d 781 (1978); · *Spangler v. Pasadena City Board of Education*, 427 F.2d 1352 (9th Cir.1970), *cert. denied*, 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971); *Hatton v. Board of Education*, 422 F.2d 457 (6th Cir. 1970). In this case the defendant Boston School Committee is presumptively the adequate representative of the interests of the parents of Boston's school children.

█ Despite the presumption, inadequacy of representation may be shown if there is collusion between the school board and an opposing party, if the school board has an interest adverse to the proposed intervenor, or if the school board fails to fulfill its duty of representation. *United States v. Board of School Commissioners*, 466 F.2d at 575. *See also Delaware Valley Citizens' Council v. Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982); *Martin v. Kelvar*, 411 F.2d 552, 553 (5th Cir.1969).

BHSA moved to intervene in this suit at a time when the Boston School Committee was refusing to participate in the adoption of a desegregation plan and had been held in contempt of court. At that time, the district court might arguably have found that the School Committee was failing to fulfill its duty to represent Boston parents in the litigation. *Cf. Smuck v. Hobson*, 408 F.2d 175, 181 (D.C.Cir.1969) (en banc) (lame duck school board failed in its duty of representation by not prosecuting an appeal from a desegregation order). The district court did not expressly so find, however,

and the conditions imposed when the court allowed intervention suggest, if anything, that it regarded BHSA's status as permissive rather than as of right.

█ Nonetheless, even if BHSA's intervention in 1974 were of right, a question we do not decide, it would have gained no absolute entitlement to continue as a party until termination of the suit. We agree with the Tenth Circuit that

> proceedings of this nature which continue over such an extended period of time are unique in respect to the timing of the arrival and departure of parties .... [I]ntervention and withdrawal should be freely granted so long as it does not seriously interfere with the actual hearings.

*Dowell v. Board of Education*, 430 F.2d 865, 868 (10th Cir.1970). The district court needs the power to dismiss in order to manage complicated drawn-out proceedings efficiently. *See* Notes on Advisory Committee to Fed.R.Civ.P. 24 ("An intervention of right ... may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); Shapiro, *Some Thoughts on Intervention Before Courts, Agencies and Arbitrators*, 81 Harv. L.Rev. 721, 752–56 (1968).

█ The district court dismissed BHSA in 1982 because it found that "the duration and extent of BHSA's participation in this case have significantly exceeded the court's intentions at the time BHSA was granted status as an intervening party." For us to reverse the dismissal, BHSA must at least demonstrate that it currently ·continues to fulfill all three requirements for intervention of right. But with respect to the third requirement—adequacy of representation— there is no indication that the Boston School Committee today suffers from the infirmities which, in 1974, may arguably have rendered it incapable of adequately representing the parents. The School Committee long ago abandoned its intransigent stance over desegregation; subsequently elected School Committees have fully participated in the case. *See Morgan v. McKi-*

*egue,* 726 F.2d 33 (1st Cir.1984) (current challenge by the School Committee to an order of the district court relating to parents' councils). The district court found in the disengagement orders, "With respect to the interests of parents and school personnel, [BHSA's] participation has become redundant." BHSA has failed to indicate any grounds for our concluding that the finding exceeded the court's discretion, or for our rejecting the presumption of the School Committee's adequate representation at this time.

BHSA, therefore, enjoys no current right to insist upon continuing as an intervenor in the action.

■ BHSA also argues that even absent a right to intervene, the dismissal must be reversed under the "clear abuse of discretion" standard applicable to Rule 24(b) permissive intervention. *Allen Co. v. National Cash Register Co.,* 322 U.S. 137, 142, 64 S.Ct. 905, 907, 88 L.Ed. 1188 (1944); *United States Postal Service v. Brennan,* 579 F.2d 188, 192 (2d Cir.1978). BHSA contends that the actual reason for its dismissal was the district court's annoyance at BHSA's participation in the still-pending 1981 motion for termination of jurisdiction, and at its forthright insistence that the "maximum practicable compliance" has been achieved.

While a strong showing of improper motive might lead us to reverse an otherwise proper dismissal, BHSA has not, we think, made such a showing. The School Committee was, after all, a party to the motion to terminate jurisdiction. It remains fully involved, and has an interest in independence from court supervision even greater than BHSA's. Since the School Committee is the legal representative of the parents, its tactical choices rather than BHSA's should control. *United States v. Board of School Commissioners,* 466 F.2d at 575; *Bumgarner v. Ute Indian Tribe,* 417 F.2d 1305, 1308 (10th Cir.1969).

To be sure, BHSA was the only intervenor dismissed, but three other intervenors were sharply limited in the scope of their intervention. Only El Comite was permitted to retain full party status, due, we

suppose, to its representation of a particular minority group distinct from the plaintiffs. *See, e.g., Johnson v. San Francisco Unified School District,* 500 F.2d at 353–54 (district charged with representing *all* parents did not adequately represent particular interests of students of Chinese ancestry). Thus we are unable to conclude that the dismissal was improperly motivated.

BHSA quotes the following language from a recent appeal in this case:

> [G]roups such as the BHSA are entitled to press for specific and detailed findings on issues such as whether or not good reason remains for the court's continued jurisdiction over assignments.

*Morgan v. McDonough,* 689 F.2d 265, 280 (1st Cir.1982) (footnote omitted). BHSA argues that this dicta constituted a ruling mandating its continued participation. We do not agree. The above language makes clear our insistence that after ten years or more of court intervention in the Boston schools the parties to this litigation are entitled to secure, if they wish, a definitive ruling concerning the district court's continuing jurisdiction and role. We did not intend, however, to interfere with the district court's discretion with respect to what groups are proper parties to the case.

We are unconvinced by BHSA's contention that the district court's dismissal must be reversed because based on a faulty premise about the School Committee's recognition of the Citywide Parents Council (CPC). When this argument was made on a motion to modify the order, the district court responded:

> Motion denied without hearing oral argument. School Committee's recognition of CPC was not the only basis for Court's order dismissing H & S Assn. as a party. See footnote 3 of 12/23/82 orders.

The district court considered the finding in footnote 3 on the redundancy of BHSA's participation to be an adequate ground for dismissal and we are constrained to agree under our above analysis.

*Affirmed.*