MASSACHUSETTS FEDERATION OF TEACHERS, AFT, AFL-CIO, & others *vs.* SCHOOL COMMITTEE OF CHELSEA & another.[1]

Suffolk. November 7, 1990. - January 17, 1991.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Parties, Intervention.

Denial of a motion to intervene in a civil action as of right under Mass. R. Civ. P. 24 (a) (2) is a final order, immediately appealable. [204-205]

In a civil case in which a group of parents and school children sought to intervene as defendants as of right under Mass. R. Civ. P. 24 (a) (2), the judge properly denied their motion for leave to intervene, where the applicants did not demonstrate that their interests and objections in the litigation were adverse to those of the named defendant, a school committee, or of the rest of the parents and school children in the district whose interests the school committee represented. [205-209]

The record of a civil action did not reflect any basis for the judge to allow permissive intervention of certain applicants under Mass. R. Civ. P. 24 (b) (2). [209]

CIVIL ACTION commenced in the Superior Court Department on November 23, 1988.

A motion for leave to intervene was heard by *Walter E. Steele*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Nancy A. Daly* for Linda Brown & others.

*Bruce A. Miller* of Michigan (*Joseph R. Lettiere* with him) for the plaintiffs.

*Howard L. Greenspan*, for School Committee of Chelsea, was present but did not argue.

[1] The Trustees of Boston University, as intervener.

Massachusetts Federation of Teachers, AFT, AFL-CIO, *v.* School Committee of Chelsea.

*Paul D. Wilson,* for Trustees of Boston University, intervener, was present but did not argue.

ABRAMS, J. A group of Chelsea parents and school children (parents) seeks to intervene as defendants in a suit brought by a group of teachers' unions, teachers, and Chelsea citizens against the Chelsea school committee. The Superior Court judge denied the motion to intervene. See Mass. R. Civ. P. 24 (a) or 24 (b), 365 Mass. 769 (1974). The parents appeal. We allowed the parents' application for direct appellate review. We affirm.

In November, 1988, the Chelsea school committee was negotiating an agreement with Boston University (BU) under which BU would manage and operate the Chelsea school system for a period of about ten years. On November 23, 1988, a group of plaintiffs consisting of two teachers, two teachers' unions, five parents of Chelsea school children, and thirteen other Chelsea citizens (the teachers), filed suit against the school committee, seeking to block implementation of the proposed agreement by temporary restraining order and permanent injunction. BU successfully moved to intervene in the suit as a defendant on November 29, 1988. On June 9, 1989, the present appellants, a group of twelve Chelsea school children and eight parents (the parents) moved to intervene as of right, under Mass. R. Civ. P. 24 (a) (2), or, alternatively, to intervene permissively, under Mass. R. Civ. P. 24 (b) in the litigation between the teachers and the school committee. After hearing, the Superior Court judge denied their motion without written findings of fact. The applicants for intervention filed a motion for reconsideration and explanation on August 23, 1989, which was denied on September 19, 1989.

*The propriety of appellate review.* An order "denying intervention [is] immediately appealable by the [applicants] claiming intervention as of right. *Mayflower Dev. Corp. v. Dennis,* 11 Mass. App. Ct. 630, 634-635 (1981). At least where there is also an appeal from a denial of a claim of intervention as of right, we will also consider the denial of a request for permissive intervention. See 3B Moore's Federal Practice par. 24.15, at 24-163 — 24-169 (2d ed. 1982); 7A

C.A. Wright & A.R. Miller, Federal Practice & Procedure § 1923, at 630-632 (1972 & Supp. 1982)." *Attorney Gen.* v. *Brockton Agricultural Soc'y*, 390 Mass. 431, 433 (1983). Logic dictates this result: the denial of leave to intervene functions as a final order, because it eliminates the intervener from the litigation. A rule allowing an applicant for intervention to appeal the denial of his motion only after final judgment would render his appeal futile.[2] We therefore consider the denial of the parents' motion to intervene as a final order, and conclude that the parents' appeal is properly before us.[3]

*The merits of the appeal.* A judge should allow intervention as of right when (1) the applicant claims an interest in the subject of the action, and (2) he is situated so that his ability to protect this interest may be impaired as a practical matter by the disposition of the action, and (3) his interest is not adequately represented by the existing parties. Mass. R. Civ. P. 24 (a) (2), 365 Mass. 769 (1974). We focus our inquiry on the third of these factors, inadequacy of representation, because our conclusion on that issue eliminates the necessity of addressing the other two.

---

[2]Analogous reasoning leads to a similar result under our doctrine of present execution, which allows some interlocutory orders to be appealed immediately where a later appeal would be futile. See *Borman* v. *Borman*, 378 Mass. 775, 779-780 (1979) (An order disqualifying a litigant's attorney is appealable as a final order because it is conclusive of a party's right to counsel of his choice and is effectively unreviewable on appeal after judgment). See also *DiLuzio* v. *United Elec., Radio, & Mach. Workers, Local 274*, 391 Mass. 211, 214 (1984).

[3]In the past, when appellate courts concluded that intervention properly was denied, some appellate courts have dismissed the appeal for lack of jurisdiction rather than affirming the denial of intervention. *EEOC* v. *Eastern Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984). See *Jones* v. *Caddo Parish School Bd.*, 704 F.2d 206 (5th Cir. 1983). This practice is not universal; however, other courts follow the simpler route of affirming a trial court's denial of leave to intervene. See *Securities & Exch. Comm'n* v. *Everest Management Corp.*, 475 F.2d 1236, 1238 n.2 (2d Cir. 1972); *Bumgarner* v. *Ute Indian Tribe of Uintah & Ouray Reservation*, 417 F.2d 1305 (10th Cir. 1970). When a trial judge has correctly denied leave to intervene, our practice is to affirm that decision rather than to dismiss the appeal for lack of jurisdiction. See *Attorney Gen.* v. *Brockton Agricultural Soc'y, supra.*

"[W]hen the applicant for intervention and an existing party have the same interests or ultimate objectives in the litigation, the application should be denied unless a showing of inadequate representation is made." 3B Moore's Federal Practice par. 24.07[4] (2d ed. 1987). "The burden of showing the inadequacy of the representation is on the applicant." *Attorney Gen.* v. *Brockton Agricultural Soc'y, supra* at 434.

There is no single standard for determining when an applicant has carried his burden because the circumstances of the case determine the weight of that burden. See *id.* The parents argue that, in interpreting rule 24, we should follow the United States Supreme Court and conclude that the parents' burden is "minimal." See *Trbovich* v. *United Mine Workers,* 404 U.S. 528, 538 n.10 (1972). We do not agree that in this case the burden is "minimal." In *Trbovich,* the applicant for intervention was a union member who had initiated the suit by filing a complaint with the Secretary of Labor alleging improprieties in a union election. Federal statute required the Secretary of Labor to bring suit against the union if he found the member's complaint to be meritorious, and made the Secretary's enforcement action the exclusive remedy. Thus, the aggrieved union member was forced by statute to relinquish all aspects of his grievance to the Secretary. The Supreme Court held that, in these circumstances, "the union member may have a valid complaint about the performance of 'his lawyer.' Such a complaint, filed by the member who initiated the entire enforcement proceeding, should be regarded as sufficient to warrant . . . intervention under Rule 24 (a) (2)." *Trbovich, supra* at 539. We do not think that the *Trbovich* formulation controls this case. Rather, we conclude that the standard is a compelling showing of inadequate representation. See *Attorney Gen., supra* at 434 (a compelling showing required of a shareholder seeking to intervene on the side of a corporation where the underlying claim of the shareholder was identical to that of the corporation).

Federal authorities also require that, in a case where one party is charged by law with representing its own interests

and the interests are the same as or similar to the potential intervener's, a compelling showing of inadequate representation must be made. Adequate representation is presumed. See *Morgan* v. *McDonough*, 726 F.2d 11, 14 (1st Cir. 1984); C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1909. Specifically, "[a] school board is normally deemed to represent adequately the interests of parents and children in the district." (Citing cases.) *Morgan, supra* at 14. An applicant for intervention may overcome this presumption and demonstrate inadequate representation if the applicant proves that the school board's interest is adverse to his, or that the school board has colluded with the opposing party or has failed to fulfil its duty of representation.[4] *Morgan, supra* at 14. See *Attorney Gen.* v. *Brockton Agricultural Soc'y, supra* at 435.

The record does not support a claim that the parents' objectives in the litigation differ from those of the school committee. The parents describe their interest in the litigation as "finding a solution to the well-documented inadequacies of the current public school system in Chelsea which will provide improved educational opportunities for the students in the system," supporting the right of the school committee to enter into educational reform, and maintaining public oversight of the project. The record does not reflect that any of these interests is adverse to the interests of the school committee or the committee's ultimate goal in the litigation.

Neither have the parents demonstrated that they differ from the school committee as to how the ultimate goal of educational reform is to be achieved. Both the school committee and the parents strongly support the agreement with BU. Thus, the parents have presented no actual disagreement with either the goals or the actions of the school committee.

---

[4]This list may not exhaust the grounds for finding inadequate representation in a particular case. *Attorney Gen.* v. *Brockton Agricultural Soc'y, supra* at 435.

The parents maintain that the school committee cannot adequately represent them because they have a personal and direct interest in the education of their children, while the school committee must take into consideration a wider variety of interests including those of the taxpayers, employees, teachers, and administrators. The record before us does not indicate that the school committee is any less dedicated than the parents to the ultimate goal of improving the quality of education in the Chelsea schools while maintaining adequate public oversight. Although the school committee members may be motivated by somewhat different concerns in pursuing this goal, a different motive in pursuing the same ultimate goal does not constitute inadequate representation, as long as the party demonstrates the intent to litigate vigorously. *Natural Resources Defense Council v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60 (2d Cir. 1987).

Furthermore, the parents point to no characteristic which distinguishes them as a group from all the other parents and children represented by the school committee. The record does not disclose any reason why the school committee is any less able to represent their group than any other parents or children in Chelsea.[5] The cases on which the parents rely are inapposite. In *Johnson v. San Francisco Unified School Dist.*, 500 F.2d 349 (9th Cir. 1974), a group of parents of children of Chinese ancestry was allowed to intervene in order to oppose a plan authored and supported by the school district. The court noted the presumption that government officials adequately represent the interests of all citizens. It concluded, however, that the school district charged with representing all parents, which had proposed the plan objected to by the parents of children of Chinese ancestry, did not adequately represent this distinct minority group. The Chelsea parents have not shown any conflict with the goals

---

[5]At oral argument, counsel representing the parents specifically denied that the group consisted of children having any particular racial or ethnic background or special needs.

or plans of the school committee. At the hearing, the parents did not distinguish their interests from those of the rest of the parents represented by the school committee. Had the judge allowed the motion to intervene, his ruling would have been tantamount to a conclusion unsupported by the record that the school committee did not adequately represent parents of all the Chelsea school children.

The parents contend that they should be allowed to intervene now because the school committee may bow to pressure from constituent groups other than parents of school children, and agree to a premature or unfavorable settlement. The parents' contention is unsupported by the record. The record reflects that the defendants have both the incentive and the intent to litigate this matter fully. There is no evidence in the record of collusion or of failure of resolve on the part of the defendants. The trial judge properly denied their motion to intervene as of right.

In the alternative, the parents moved for permissive intervention under rule 24 (b) (2). "Permissive intervention is wholly discretionary with the trial court," and the decision of the trial court will be reversed only for clear abuse of discretion. *United States Postal Serv.* v. *Brennan,* 579 F.2d 188, 191-192 (2d Cir. 1978). A judge may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Mass. R. Civ. P. 24 (b) (2). The judge must consider, however, whether allowing intervention might delay or prejudice the adjudication of the rights of the parties. *Id.* Additional parties inevitably result in delay in the proceedings as well as increased complexity. See 3B Moore's Federal Practice par. 24.10[4] (2d ed. 1987), quoting *Leech Lake Area Citizen's Comm.* v. *Leech Lake Band,* 486 F.2d 888 (8th Cir. 1973); *United States Postal Serv.* v. *Brennan, supra.* Because the record

does not reflect any basis for intervention, the judge did not err in denying the parents' motion to intervene.[6]

The order denying the motion for leave to intervene is affirmed.

*So ordered.*

---

[6]The parents are entitled to be present at the trial, which is a public proceeding. They also may ask the judge if they may file briefs or memoranda as amici curiae.