Gelinas, J.
Ajudge in the Springfield District Court denied a motion to intervene and/or be joined as a party defendant filed by Albank FSB, f/k/a Albany Savings *64 Bank FSB (Albank) in an action of contract involving First Illinois Bank and Trust, Assignee of Howard Pontiac, Inc. (First Illinois) as plaintiff against Kenneth C. Brothers and Demetra Brothers (the Brothers). No memorandum of decision, findings of fact, or rulings of law were filed. Albank’s motion to intervene as a party defendant was filed pursuant to Mass. R. Civ. R, Rules 19,24 (a) and 24 (b) on or about August 29,1997; the denial was entered on October 1,1997. We rule that the motion to intervene was improperly denied and we reverse.
On May 18, 1994, First Illinois filed an action of contract against the Brothers alleging a post-repossession deficiency owed First Illinois pursuant to an automobile loan agreement. First Illinois obtained and recorded a real estate attachment encumbering property then owned by the Brothers located at 144 Wales Road, Monson, Massachusetts.
On June 5,1994, eighteen (18) days after the recordation of First Illinois’s real estate attachment, the Brothers filed a petition in the U.S. Bankruptcy Court for relief under 11 U.S.C. §701 et seq., listing First Illinois as one of their creditors.
In May or June of 1994, the Brothers not having responded in any way to First Illinois’s complaint, First Illinois filed a request for default pursuant to Mass. R. Civ. R, Rule 55(a). Default entered on June 17,1994, twelve (12) days after the filing of the Brothers’ bankruptcy petition. First Illinois did not obtain relief in the Bankruptcy Court from the automatic stay provisions of 11 U.S.C. §362 prior to requesting the default against the Brothers.
The debt owed by the Brothers to First Illinois was discharged in bankruptcy on October 12, 1994. On or about May 16, 1995, the Brothers transferred the real estate subject of the real estate attachment to Esmeralda and Manuel Lopes, who granted a first mortgage on the property to Albank.
In May of 1997, First Illinois filed an ex parte motion for entry of default judgment pursuant to G.L.c. 235, §24. The Springfield District Court entered judgment pursuant to G.L.c. 235, §24 against the property on May 13,1997.[4]
On August 29,1997, Albank filed its motion to intervene in the proceeding, the *65 denial of which motion is the subject of this appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C after termination of Albank’s appeal under Dist./Mun. Cts. R. A. D. A, Rule 8A
An order denying intervention is immediately appealable by an applicant claiming intervention as of right. Massachusetts Fed. of Teachers v. School Comm. of Chelsea, 409 Mass. 203, 204, 564 N.E.2d 1027, 1029 (1991). We may also consider a trial court’s denial of a request for permissive intervention where a claim of intervention as of right has been appealed, Id. A claim of permissive intervention pursuant to Mass. R. Civ. R, Rule 24(b)(2) is within the trial judge’s discretion and reversible for abuse of that discretion, Id. at 1031. A denial of a motion to intervene as of right, pursuant to Mass. R. Civ. R, Rule 24(a)(2), however, should be reviewed de novo because such a motion poses “only a question of law.” 7C WRIGHT & MILLER, FED. PRAC. & PROC. §1902 (1986 & Supp. 1991).
An erroneous denial of a motion to intervene as of right “requires that the order denying intervention be reversed,” Mayflower Dev. Corp. v. Town of Dennis, 11 Mass. App. Ct. 630, 634, 418 N.E.2d 349, 353 (1981).
Mass. R. Civ. R, Rule 24(a) provides, in pertinent part:
... a party shall (emphasis supplied) be permitted to intervene ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
To intervene as matter of right the moving party must: (a) make timely application; (b) claim an interest relating to the property or transaction which is the subject of the action; and (c) be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties. Mayflower Dev. Co. v. Town of Dennis, supra; Cosby v. Dept. of Social Serv., 32 Mass. App. Ct. 392 (1992).
As a first mortgagor of the property in question Albank had an interest in the subject matter of First Illinois’s G.L.c. 235, §24 motion for default as that motion sought a remedy not against the original debtors, as they were discharged in bankruptcy, but specifically and by its term against the property subject of the first mortgage. Any such judgment, if issued, would arguably impede or impair Albank’s first mortgage interest. The Brothers, having never appeared or contested the action and having in fact personally been discharged of the obligation in bankruptcy, were not “adequately representing” Albank’s interest.
The intervention was, as well, timely under the circumstances. Albank’s interest in the action did not arise until First Illinois’s G.L.c. 235, §24 motion was filed seeking judgment against the property. Albank, not being a party to the suit, would have received no notice. First Illinois moved ex parte for its judgment, which was entered May 13,1997, with an execution issuing May 27,1997. Prior to any further action of record, Albank sought to attach the judgment by its motion to intervene filed September 2,1997.
When ruling on a motion to intervene, a court should “balancje] practical considerations” and “protect practical interests.” Cosby v. Dept. of Social Serv., supra; Motorclub of America Ins. Co. v. McRoskey, 9 Mass. App. Ct. 185, 400 N.E.2d 269 (1980) (denial of motion to intervene upheld). Mass. R. Civ. R, Rule 24 “is not limited strictly to legal or equitable concerns.” Intervention should be permitted where a judgment impairs or impedes the intervenor’s ability to protect its interests. Motorclub of America Ins. Co. v. McRoskey, supra, at 189.
Massachusetts statutes recognize the situation where a debtor in bankruptcy *66 may be discharged of an obligation to a creditor but have remaining real property subject to a lien for the debt. G.L.c. 235, §24 provides in such circumstance that the lien holder may obtain a special judgment or decree for the amount of his debt or damages and costs to be enforced in the first instance against the property, estate or interest so attached, “provided that the attachment is made more than four months prior to certain events relating to the bankruptcy.” While the original action involved only the question of debt owed by the Brothers to First Illinois, the motion to proceed under G.L.C. 235, §24 goes directly to the property formerly owned by the Brothers and on which Albank holds a mortgage; because the date of the attachment is within four months time of the bankruptcy filing it may not be valid and the judgment may be erroneous.
A first mortgagee has an interest in the property subject of the mortgage. In Massachusetts, unlike a majority of states, a mortgage is a conveyance of the property giving the mortgagee title to the land subject to defeasance upon performance of the condition, Pineo v. White, 320 Mass. 487 (1946); Atlantic Savings Bank v. Metropolitan Bank and Trust Co., 9 Mass. App. Ct. 286 (1980); Maglione v. Bank Boston Mortgage Corp., 29 Mass. App. Ct. 88 (1990). Massachusetts also considers the mortgage a lien subject to which the property may be conveyed, attached or in other respects dealt with, as the estate of the mortgagor, see Ewer v. Hobbs, 46 Mass. 1 (1842). Under either view a mortgagee has an interest in the property.
Neither Mass. R. Civ. R, Rule 24(a) nor the cases decided thereunder require a party to have had an interest in the original subject matter of the litigation in order to be allowed intervention as of right. Instead, Mass. R. Civ. E, Rule 24(a) requires a court to undertake the three-part analysis suggested above. The court must determine whether an intervenor has an interest in the property or transaction that is the subject of the action; whether the disposition of the action in the interve-nor’s absence may, as a practical matter, impede or impair its ability to protect that interest; and, finally, whether the intervenor’s interest is already adequately protected by the existing parties to the action, Mayflower Dev. Co. v. Town of Dennis, supra (emphasis supplied).
A party with a legal or beneficial interest in real estate that is subject to proceeding under G.L.c. 235, §24 has a sufficient “interest,” for intervention purposes, to be allowed to intervene as of right in a suit between an attaching creditor and the original debtor.
It is further clear that the denial of Albank’s motion to intervene, as a practical matter, impedes and impairs its ability to protect its interest in the real estate. The named defendants will not provide any, let alone adequate, representation for Albank’s interest; they have never appeared in the action, have never defended the action, and have long since sold the real estate. Albank’s interest in the real property is therefore not represented at all in the instant litigation and its motion to intervene as of right should have been allowed.
Accordingly, we reverse the denial of Albank’s motion to intervene, allow the motion and remand the case to the district court for further proceeding consistent with the motion as allowed.

 G.L.c. 235, §24 provides: “If a plaintiff would be entitled to a judgment or a decree, except for the bankruptcy or insolvency of the debtor or his discharge therein, and if, more than four months prior to the commencement of proceedings in bankruptcy, or, in voluntary proceedings in insolvency, more than four months prior to the time of the first publication of the notice of the issuing of the warrant, or, in involuntary proceedings more than four months prior to the first publication of the notice of the petition, or, in proceedings in composition in insolvency in which no assignment has been made, more than four months prior to the notice by the register to the creditors of the debtor’s proposal of composition, any property, estate, interest or money of a debtor has been attached, or brought within the control of a court of equity by proceedings under clause (6) of section three of chapter two hundred and fourteen by other proceedings, or by payment into court, the court may at any time upon motion enter a special judgment or decree for the plaintiff, for the amount of his debt or damages and costs, or for such other relief as he may be entitled to, to be enforced in the first instance only against the property, estate, interest or money, so attached or brought within the control of a court of equity. If such property, estate, interest or money shall be insufficient to satisfy the judgment or decree in full, the court may thereafter, if the debtor’s discharge is refused, or if he shall unreasonably delay to prosecute said proceedings to a discharge, order an alias or other successive execution or other process to be issued upon such judgment or decree for such portion thereof as remains unsatisfied. The creditor shall also in case of such refusal or delay be entitled to the remedies provided in section nineteen. This section shall not impair the powers which courts of equity may otherwise exercise.”