Quinlan, Regina L., J.
Clean Power Now, Inc. (“CPN”) filed this Motion to Intervene pursuant to Mass.R.Civ.P. 24. In its motion, CPN seeks to intervene as a matter of right, or in the alternative, by permission of this Court. For the following reasons, CPN’s motion to intervene is DENIED.

BACKGROUND

This action arises out of a renewable energy wind power project that defendant, Cape Wind Associates, LLC (“CWA”), proposes to build on Horseshoe Shoal in Nantucket Sound. The project consists of 130 wind turbine generators on a grid over 25 square miles of sub-tidal area in federal waters. The electricity generated by these wind generator turbines will be transmitted via submarine transmission cables to an electric service platform located in federal waters. From the electric service platform, additional submarine transmission cables will transmit the electricity across federal and then state waters to existing public ways on the mainland. On May 11, 2005, the Energy Facilities Siting Board (“EFSB”) conditionally approved Cape Wind Associates, LLC’s application to construct the submarine transmission cables that will cross state waters to transmit the wind electricity to existing ways on the mainland, the so-called Transmission Project. The Supreme Judicial Court affirmed EFSB’s approval on December 18, 2006 in Alliance to Protect Nantucket Sound, Inc. v. Energy Facilities Siting Board, 448 Mass. 45 (2006).
On March 29, 2007, the Secretary of Environmental Affairs issued a certificate on the final environmental impact report for the Transmission Project filed by CWA. There, the Secretary concluded that the CWA’s final environmental impact report adequately and properly complied with the Massachusetts Environmental Policy Act (“MEPA”), G.L.c. 30, §§61-62. The Cape Cod Commission, however, denied CWA’s development of regional impact application on October 18, 2007. In response to this denial, CWA petitioned the EFSB for a certificate pursuant to G.L.c. 164, §§69K-O. One week later, EFSB issued a procedural ruling that it would defer a decision on CWA’s petition, accept CWA’s application, and decide the merits of both concurrently following an adjudicatory hearing. Accordingly, CWA filed its certificate application on December 28, 2007.
Subsequently, CPN and others moved to intervene as parties to the EFSB adjudicatory hearing. CPN, the moving party here, is a Massachusetts corporation, whose purpose is to support the timely development of wind energy projects on Nantucket Sound, and other viable renewable energy projects. On February 15, 2008, the Presiding Officer of the EFSB granted CPN’s motion to intervene. CWA’s certificate application is currently pending before the EFSB. There has been no final adjudication of that certificate application.
In the meantime, the Town of Barnstable initiated the instant action, seeking to stay the EFSB’s proceedings and a declaratory judgment with respect to EFSB’s jurisdiction relative to the Cape Cod Commission, the Massachusetts Land Court, and the Barn-stable Couniy Superior Court. The Town of Barnstable filed an amended complaint on April 11, 2008. Through the motion before this Court, CPN seeks to intervene in this action. The Town of Barnstable, the *551 Massachusetts Siting Board, and the Cape Cod Commission all oppose CPN’s motion to intervene.

DISCUSSION

The court shall permit an applicant to intervene as a matter of right pursuant to Mass.R.Civ.P. 24(a) when: (1) a statute of the Commonwealth confers upon the applicant an unconditional right to intervene, or (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, and he is so situated that the disposition of the action may impede or impair his ability to protect that interest. James W. Smith & Hiller B. Zobel, Rules Practice §24.2 (2007). CPN argues first that G.L.c. 164, §69 confers upon it an unconditional right to intervene. Specifically, CPN contends that its status as a party in interest in the proceedings before the EFSB pursuant to G.L.c. 164, §69 amounts to an unconditional statutory right to intervene in the instant action.
CPN’s argument is unpersuasive. As a party in interest to the proceedings before the EFSB, CPN is merely an organization that petitioned the EFSB to participate and obtained approval to do so. G.L.c. 164, §69N(3) and (4). While this status does confer upon CPN certain appellate rights with respect to EFSB’s final adjudication, it does not confer upon CPN any rights with respect to collateral proceedings before this Court. G.L.c. 164, §69P. Accordingly, CPN does not have an unconditional statutory right to intervene in the instant action.
CPN argues next that it may intervene as a matter of right pursuant to Mass.R.Civ.P. 24(a)(2). As discussed above, to intervene as a matter of right pursuant to Mass.R.Civ.P. 24(a)(2), CPN must demonstrate: (1) an interest in the subject of this action; (2) that disposition of this action will impair its ability to protect that interest; and (3) that the existing parties do not adequately represent that interest. Johnson Turf & Golf Mgmt. v. City of Beverley, 60 Mass.App.Ct. 386, 389 (2004).
CPN fails to make this demonstration. The interest that CPN claims in this action arises out of its organizational mission: advocating for the siting, construction, and operation of the project and other renewable energy projects in the Commonwealth. This interest is neither direct, nor immediate. See Bolden v. O’Connor Cafe, Inc., 50 Mass.App.Ct. 56, 62 (2000). Further, even were this interest direct or immediate, it is indistinct from the interests of the parties already present in the instant action. See Massachusetts Fedn. of Teachers v. School Comm. of Chelsea, 409 Mass. 203, 205-09 (1991). There is no indication that the existing parties will not adequately represent CPN’s interest. Accordingly, CPN may not intervene in this action as a matter of right pursuant to Mass.R.Civ.P. 24(a)(2).
CPN also argues last that it should be permitted to intervene pursuant Mass.R.Civ.P. 24(b). Permissive intervention pursuant to Mass.R.Civ.P. 24(b) is allowed at the discretion of the court when a statute confers a conditional right to intervene, or when the applicant’s claim or defense and the main action have a question of law or fact in common. CPN argues that because this action has questions of law and fact in common with the proceedings before the EFSB, it should be permitted to intervene. The issue, however, is not whether this action has questions of law and fact in common with the proceedings before the EFSB; it is whether CPN’s claim or defense has questions of law or fact in common with this litigation.
As argued by the Town of Barnstable in its opposition, CPN is not pursuing licensing for a project similar to and in common with CWA. CPN merely seeks to “add its voice in support of [CWA’s] project.” Counsel for CPN stated that it wants to support the position of the EFSB and it wants the right to appeal any decision which may be adverse to the position of the EFSB even if the EFSB should elect not to pursue an appeal. The EFSB and CWA can adequately represent their own interests without the assistance of CPN or the other multitude of other groups interested in the proposal of CWA. For that reason, CPN’s intervention in the instant action is unnecessary and would unduly delay, complicate and hinder the efficient resolution of this action.

ORDER

For the foregoing reasons, it is hereby ORDERED that Cape Power Now, Inc.’s motion to intervene be DENIED.