NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-838

NEEDHAM ENTERPRISES, LLC

vs.

NEEDHAM PLANNING BOARD & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A group of abutters to a property in Needham appeal from the denial of their motion to intervene in an action between Needham Enterprises, LLC (developer) and the Needham planning board (board).  The abutters maintain that they met all requirements to intervene as of right, including that the board did not adequately represent the abutters' interests.  We affirm.

---

[1] Paul Alpert, Adam Block, Martin Jacobs, Jeanne McKnight, and Natasha Espada, in their capacity as members of the Needham planning board, and Gregg Darish, Matthew Heideman, Nicole Heideman, Peter Lyons, Ann Lyons, Robert Dimase, Eileen Sullivan, Carl Jonasson, and Holly Clarke, abutters and proposed intervenors.

Background.  The developer applied for a special permit to build a 10,034 square foot childcare facility, pursuant to a provision of the Needham zoning bylaw mandating a site plan review and special permit from board for "major projects," defined to include "[a]ny construction project which involves: the construction of 10,000 or more square feet gross floor area."  In March 2022, the board approved the project and issued the requested special permit with conditions.  The developer appealed the board's decision to the Land Court, seeking to void the decision in its entirety or to void some or all of the conditions imposed.  Before the Land Court, the developer primarily argued that its childcare facility project was not subject to the town's special permit process because the project was protected by the Dover Amendment, G. L. c. 40A, § 3, which prohibits local zoning bylaws from requiring special permits for childcare facilities.

Several abutters to the developer's property moved to intervene in the Land Court case pursuant to Mass. R. Civ. P. 24 (a) (2), 365 Mass. 769 (1974), seeking to protect their claimed interest in preserving the board's decision.  The judge denied the abutters' motion, concluding that their interests were adequately represented by the board in the Land Court, but

noting that the abutters could renew their motion if "circumstances change[d]."

In 2023, shortly before the case was set to go to trial, the abutters renewed their motion to intervene, claiming that circumstances had changed such that the board would not adequately represent the abutters' interests. According to the abutters, the board was no longer defending certain conditions in its decision.

The judge denied the renewed motion after a hearing at which the board confirmed that its interests were not necessarily aligned with those of the abutters. The judge ruled that the abutters were not "aggrieved" within the meaning of G. L. c. 40A, § 17 because the abutters were not aggrieved by the board's decision and therefore had no cognizable "interest" under Mass. R. Civ. P. 24 (a) (2). She further concluded that regardless of the result at trial, the abutters would have another chance for their concerns to be heard, either before the board on remand or by challenging a future building permit issued by the board. Further, the judge reasoned that the board's decision to not defend certain conditions was likely an acknowledgement that those conditions would not survive a Dover Amendment analysis and did not affect its ability to defend the validity of its decision.

Discussion. A proposed intervenor as of right must satisfy four requirements:

"(1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the litigation in which the applicant wishes to intervene; (3) the applicant must show that, unless able to intervene, the disposition of the action may, as a practical matter, impair or impede his ability to protect the interest he has; and (4) the applicant must demonstrate that his interest in the litigation is not adequately represented by existing parties."

Bolden v. O'Connor Cafe of Worcester, Inc., 50 Mass. App. Ct. 56, 61 (2000). "Whether the prospective intervener has met the requirements for intervention is a question of law, and therefore we review the ruling de novo" (quotation and citation omitted). Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017).

"We focus our inquiry on the [fourth] of these factors, inadequacy of representation, because our conclusion on that issue eliminates the necessity of addressing the other [three]." Massachusetts Fed'n of Teachers v. School Comm. of Chelsea, 409 Mass. 203, 205 (1991). The abutters claim that their interest is not adequately represented by the board because the board "solely represented municipal interests" and had represented to the Land Court that its "interest in defending a decision under the Dover Amendment and the reach of [its] defenses do not match up with the interest that the abutters are seeking to protect."

4

Mass. R. Civ. P. 24 (a) (2).  Assuming without deciding that the abutters have an interest in the litigation, we are not convinced.

"The burden of showing the inadequacy of the representation is on the applicant."  Attorney Gen. v. Brockton Agric. Soc'y, 390 Mass. 431, 434 (1983).  "When the applicant for intervention and an existing party have the same interests or ultimate objectives in the litigation, the application should be denied unless a showing of inadequate representation is made." Massachusetts Fed'n of Teachers, 409 Mass. at 206, quoting 3B Moore's Federal Practice § 24.07[4] (2d ed. 1987).  Where, as is the case here, "one party is charged by law with representing its own interest and the interests are the same as or similar to the potential intervener's, a compelling showing of inadequate representation must be made.  Adequate representation is presumed."  Massachusetts Fed'n of Teachers, supra, at 206-207 citing Morgan v. McDonough, 726 F.2d 11, 14 (1st Cir. 1984).  A potential intervenor "may overcome this presumption and demonstrate inadequate representation if the applicant proves that the [other party]'s interest is adverse to [theirs], or that the [other party] has colluded with the opposing party or

5

has failed to fulfil its duty of representation."[2]  Massachusetts Fed'n of Teachers, supra, at 207.

While the abutters emphasize the board's admission that their interests were not the same, this reading ignores that they and the board share the same ultimate goal, preserving the board's decision, and there is thus "no actual disagreement" as relates to goals.  Massachusetts Fed'n of Teachers, 409 Mass. at 207 (affirming denial of intervention as of right to parents of school children because interests of parents would be adequately represented by school committee).  Despite its decision to not defend all the conditions of its special permit in the Land Court, the board gave no indication that it would not vigorously defend its decision.  See id. at 208, citing Natural Resources Defense Council v. New York State Dep't of Envtl. Conservation, 834 F.2d 60 (2d Cir. 1987).  Unanimity of interest is not the same as unanimity of arguments.  See Massachusetts Fed'n of Teachers, supra, at 207.  Accordingly, the abutters have not met their burden for showing inadequacy in the board's representation, see Brockton Agric. Soc'y, 390 Mass. at 434, and

---

[2] While these are not the only means of demonstrating inadequate representation, Massachusetts Fed'n of Teachers, 409 Mass. at 207 n.4, citing Brockton Agric. Soc'y, 390 Mass. at 435, we discern no such showing by any means here.

the abutters do not meet the requirements for intervention as of right.[3]  See Bolden, 50 Mass. App. Ct. at 61.

Order denying motion to
intervene affirmed.

By the Court (Rubin, Grant &
Hershfang, JJ.[4]),

*Paul Little*

Clerk

Entered:  September 20, 2024.

---

[3] In any event, even if the interests of the abutters and the board are adverse, the abutters' claim would fail, as the developer maintains, on prong three.  As the Land Court judge predicted in her order, the abutters have another opportunity to represent their interests and have their concerns heard in their ongoing challenge to the board's subsequent building permit decision in the Land Court.  Having argued before us that neither the abutters' failure to appeal in this case, nor any other action the abutters have taken or failed to take, will prevent them from raising all their issues de novo in that proceeding, the appellees are, as counsel agreed at argument, judicially estopped from raising any claim to the contrary in that litigation.  To the extent their answer in the Land Court action does so, as indicated by the letters of the parties submitted under Mass. R. A. P. 22 (c) (2), as appearing in 481 Mass. 1651 (2019), we trust they will amend it forthwith.  If not, the abutters may move to strike the relevant portions of that answer.

[4] The panelists are listed in order of seniority.