UNITED STATES of America, Plaintiff,

v.

METROPOLITAN DISTRICT
COMMISSION, et al.,
Defendants.

CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC., Plaintiff,

v.

METROPOLITAN DISTRICT
COMMISSION, et al.,
Defendants.

Civ. A. Nos. 85–0489–MA, 83–1614–M.

United States District Court,
D. Massachusetts.

April 5, 1991.

Andrew S. Hogeland, Asst. U.S. Atty.,
Karen F. Green, Sp. Asst. U.S. Atty., Hale
& Dorr, Boston, Mass., Joseph J. Mc-
Govern, Environmental Enforcement Sec-
tion, Land and Natural Resources Div.,
U.S. Dept. of Justice, Washington, D.C.,
for U.S.

Anne Crocker Phillips, Ropes & Gray,
Boston, Mass., for Compliance Monitor.

E. Michael Sloman, Asst. Atty. Gen.,
Government Bureau, Boston, Mass., for
State defendants.

Laura Steinberg, Sullivan & Worcester,
Boston, Mass., for Boston Water & Sewer
Authority.

Catherine L. Farrell, Gen. Counsel, John
Stevens, Foley, Hoag & Eliot, Boston,
Mass., for Massachusetts Water Resources
Authority.

Peter L. Koff, Boston, Mass., for City of
Quincy.

Bradford S. Gentry, Samuel Hoar, Jef-
frey C. Bates, Goodwin, Proctor & Hoar,
Boston, Mass., for Conservation Law Foun-
dation of New England.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This matter is before the Court on the
Commonwealth's motion to modify or stay
my order of February 25, 1991, 757 F.Supp.
121, and my later order of April 1, 1991,
761 F.Supp. 206. Those orders imposed a
sewer moratorium on certain residential,
commercial and industrial sewer connec-
tions within the area served by the MDC
systems that did not qualify for exemption
under those orders. My reasons for impos-
ing the orders are set out in the memoran-
da issued and are incorporated herein.
Memorandum and Order, February 25,
1991, 757 F.Supp. 121; Memorandum and
Order, April 1, 1991, 761 F.Supp. 206.

A hearing was held this day, April 5,
1991. The Commonwealth's motion seeks a
120 day suspension of the ban while it
appoints an independent commission to de-
termine whether the Walpole landfill site
selected by the MWRA and approved by
the EPA is environmentally suitable and to
further evaluate alternative sites in and
outside Massachusetts as well as alterna-

tive technologies to dispose of sludge. While the affidavit in support of the motion describes the activity undertaken in the past month, it does not name or discuss the composition of the commission, it does not provide guidelines for the commission, it does not identify any sites, and it does not detail any feasible alternative technologies. In short, as I said earlier, there is no progress on this issue.

At stake is the schedule for the clean-up of Boston Harbor. That schedule has been carefully tracked for 63 months, and its progress has been continually monitored, reviewed and adjusted with full participation of *all* the parties, as appropriate measurable improvements have resulted. A critical date in that schedule is the selection and design of a landfill for grit, screenings and, if necessary, for unsold pelletized sludge. That date is November 1, 1991, and, at this point, given the delays encountered by the town's opposition and the separate litigation in both federal and state courts, that date is in jeopardy.

The separate litigation challenges the decision of the EPA that the site selected by the MWRA satisfied federal environmental procedures. Today, without hearing, I will issue a lengthy memorandum in which I analyze and discuss each of the objections to the site interposed by the towns. I did not set the matter for hearing because, under our local rules, and given the voluminous record and the detail in the administrative record, I do not believe a hearing would have assisted me in reaching a decision. I have concluded the federal environmental review was properly and carefully conducted and the result is sound, supported in the record and in accordance with federal law. I therefore will grant summary judgment and dismiss the complaint. I stated my conclusions at the hearing so that the parties were aware of it and could begin the appellate process as quickly as possible, hopeful that with the cooperation of all parties, appellate review would be quickly and efficiently undertaken.

My reason for denying the modification or stay can be stated briefly. I will not repeat the background set out in my earlier memoranda. The siting of a landfill has been a thorny issue in this case from the outset. As the selection process over the years focussed on certain areas, a predictable outburst of opposition has occurred. This particular site was exhaustively reviewed and approved by the EPA, the MWRA and the Army Corps of Engineers (The ACOE conclusion is challenged in a separate lawsuit pending before me). Over the years, numerous studies have been undertaken of alternative sites and alternative technologies. Finally in this effort, and incomprehensibly, the Commonwealth reverses its course 180 degrees and now opposes a site it previously approved wholeheartedly. It does not produce one single fact in support of its recently adopted opposition. It bases its argument on the irreparable harm now being visited on the economic welfare of the state. It omits any reference to the almost 20 years during which it contributed to the pollution of the harbor, does not explain its reticence to *filing* a bill, at the least, in the Legislature, and does not explain how, even if it were to discover a site, that site would pass the intensive political, economic and environmental reviews this site has already undergone. The clean-up schedule cannot be held hostage to such an obstacle course.

Finally, guided by Supreme Court and First Circuit cases, I have examined alternatives and have found them to be more intrusive and damaging to federal-state relationships and comity than the current moratorium. Earlier, I rejected the motion which called for a direct order transferring the site. Fines and penalties under the Clean Water Act would shortly amount to millions of dollars to be paid by every taxpayer in the Commonwealth. As difficult as it is, this course, in my judgment, is the proper one.

I deny the motion to modify or to stay my orders, and I also will file my memorandum and order in the NEPA cases hopeful that the appellate review will be sought and completed as quickly as possible. I will confer with the parties in the case challenging the permit issued by the Army Corps of Engineers shortly to determine if,

as the Towns' have moved, the matters should be consolidated.