GALBI vs. CELLCO PARTNERSHIP, 101 Mass. App. Ct. 260

 
 DUANE E. GALBI vs. CELLCO PARTNERSHIP [Note 1] & another. [Note 2]

101 Mass. App. Ct. 260
 February 11, 2022 - June 16, 2022

Court Below: Land Court
Present: Wolohojian, Henry, & Englander, JJ.

 

21-P-410

Practice, Civil, Intervention, Standing, Interlocutory appeal. Zoning, Timeliness of appeal, Board of appeals: decision.

This court concluded that an abutter's motion to intervene in a Land Court action challenging the issuance of a variance was properly denied as untimely under Mass. R. Civ. P. 24 (a) (2), where the abutter had not herself appealed the issuance of the variance even though she had presumptive standing; where she waited more than a year after the plaintiff had filed his complaint before seeking to intervene; and where she failed to show that the Land Court judge's findings that intervention would cause delay and prejudice to the defendants were clearly erroneous. [262-266] 

Civil action commenced in the Land Court Department on August 9, 2019. 

 A motion to intervene was heard by Diane R. Rubin, J. 

 Edward J. Collins for Renata Martin.

 Adam M. Hamel for Cellco Partnership.

 WOLOHOJIAN, J. At issue is whether an abutter's motion to intervene in a Land Court action challenging the issuance of a variance was properly denied as untimely. We conclude that it was. The abutter, Renata Martin, offered no explanation for why she had not herself timely appealed the issuance of the variance nor why she had failed to seek to intervene earlier. Particularly in the context of an appeal from a zoning board decision, where the statutory time in which a decision can be appealed is considered jurisdictional, the unexplained failure to act promptly upon notice of the zoning board's decision weighs strongly against allowing intervention at a later date. Moreover, the abutter has failed to show that the judge's findings that intervention would cause delay and prejudice to the defendants were clearly erroneous. In 

 Page 261 

the circumstances, the judge could properly conclude that the abutter's motion to intervene was untimely for purposes of Mass. R. Civ. P. 24 (a) (2), 365 Mass. 769 (1974) (rule 24 [a] [2]).

 Background. On July 23, 2019, Cellco Partnership, doing business as Verizon Wireless (Cellco), received a variance from the Wayland zoning board of appeals (board) to build a wireless communication tower on the property of the Wayland Rod & Gun Club. [Note 3] On August 9, 2019, Duane E. Galbi, proceeding pro se, appealed from the issuance of the variance by timely filing a complaint in the Land Court within twenty days, as required by G. L. c. 40A, § 17, first par. Galbi is not an abutter to the property; rather, Galbi owns property that (if one were to ignore street crossings), abuts an abutter, and is approximately 240 feet away from the proposed tower. It appears that Galbi was the only person to timely appeal from the board's decision to issue the variance. More importantly for the issue before us, Martin, who is an abutter, did not appeal.

 After the filing of the complaint, the litigation was actively pursued by both Galbi and Cellco. Within the first year of the case, for example, Galbi had sought to file amended complaints, the parties had engaged in discovery, and various discovery disputes had been briefed and decided. On August 25, 2020, Cellco moved for summary judgment on the ground that Galbi lacked standing.

 On October 11, 2020, apparently concerned that Cellco's motion might succeed, Martin and another abutter [Note 4] moved to intervene as of right under rule 24 (a) (2). The abutters noted that they had presumptive standing, that their properties were within the "fall zone" of the proposed tower, that their properties were within the 900 feet setback required for a wireless communications facility in Wayland, and that the tower would disrupt their views. They also argued that, should the judge determine that Galbi lacked standing, Galbi would be unable to represent the abutters' interests and the abutters would be unable to challenge the tower. The abutters also noted that Galbi was proceeding pro se and was inexperienced in litigation. The abutters claimed that the defendants would not be prejudiced by allowing them to intervene, and they represented that they would adopt Galbi's 

 Page 262 

amended complaint as their own so as to avoid delay, and that they would not ask for additional time for discovery. 

 As of the date the abutters filed their motion to intervene, (1) discovery was set to close in less than a week; (2) Galbi had filed an amended complaint twenty days earlier; (3) Galbi's opposition to the summary judgment motion had not yet been filed; and (4) certain discovery disputes remained open.

 After a hearing, the judge denied the motion to intervene "because the motion is untimely, and intervention would result in unfair and prejudicial delay to defendants at this late stage of the proceedings." On the same date, the judge denied in part, and allowed in part, Cellco's motion for summary judgment. More specifically, the judge concluded that Galbi had presented admissible evidence that views from his property would be negatively impacted by the proposed cell tower and that the town's bylaws sought to protect such interests, and accordingly determined that whether those impacts were de minimis (as Cellco argued), or were sufficient to give Galbi standing, were issues to be determined at trial. By contrast, the judge determined that Galbi had not raised a triable issue as to his standing based on diminished property value or negative health impacts. [Note 5]

 Discussion. Before us now is Martin's interlocutory appeal from the denial of her motion to intervene. See Massachusetts Fed'n of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 204 (1991) (Massachusetts Fed'n of Teachers) (denial of motion to intervene as of right is appealable as final order). On appeal, she argues that the judge erred in concluding that her motion to intervene was untimely because, in essence, the litigation was not very advanced. She also argues that the judge erred in concluding that Cellco would be prejudiced were Martin allowed to intervene. "A judge has discretion in determining whether an intervening party has demonstrated facts that entitle him or her to intervention as of right, and we accordingly review the judge's factual findings for clear error. Whether those facts are sufficient to meet the requirements for intervention is a question of law, however, and is reviewed as such" (citation omitted). Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 217 (2011) (Fremont Inv. & Loan).

 Page 263 

 Rule 24 (a) (2), [Note 6] which governs intervention as of right, requires that a putative intervener demonstrate three essential things. [Note 7] See Massachusetts Fed'n of Teachers, 409 Mass. at 205. First, the intervener's motion must be timely. We discuss this requirement further infra, as it is the crux of this appeal. Second, the intervener must have an interest in the subject of the action such that disposition of the action would impede or impair his ability to protect that interest. "Rule 24 (a) (2) does not articulate explicit criteria for determining the sufficiency of the asserted interest. Thus, the type and degree of interest that suffice for intervention depend on the nature of the action in which intervention is claimed." (Quotations and citations omitted). Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017). Third, the putative intervener's interest must not be adequately represented by the existing parties to the litigation. "[W]hen the applicant for intervention and an existing party have the same interests or ultimate objectives in the litigation, the application should be denied unless a showing of inadequate representation is made." Massachusetts Fed'n of Teachers, supra at 206, quoting 3B Moore's Federal Practice § 24.07[4] (2d ed. 1987).

 We turn now to the requirement of timeliness and, in doing so, "we look for guidance to decisions of Federal courts concerning Fed. R. Civ. P. 24 (a), as the Massachusetts rule on intervention is nearly identical to this analogous rule." Beacon Residential Mgt., LP, 477 Mass. at 753. See Fremont Inv. & Loan, 459 Mass. at 218. To determine whether a motion to intervene is timely, the United States Court of Appeals for the First Circuit considers "(i) the length of time that the putative intervenor knew or should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R&G Mtge. Corp. v. Federal Home Loan Mtge. Corp., 584 F.3d 1, 7 (1st Cir. 2009). "Each of 

 Page 264 

these factors must be appraised in light of the posture of the case at the time the motion is made." Id. But the first of these elements, i.e., "the length of time that the putative intervenor knew or reasonably should have known that his interest was imperilled before he deigned to seek intervention" is "the most important factor." In re Efron, 746 F.3d 30, 35 (1st Cir. 2014). See Photographic Illustrators Corp. v. Orgill, Inc., 316 F.R.D. 45, 4849 (D. Mass. 2016). "The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances." R&G Mtge. Corp., supra.

 As we have already noted, the board issued the variance on July 23, 2019. Martin does not claim that she was unaware that Cellco had applied for a variance, or that she was unaware of the hearing before the board, or that she did not know of the board's decision. See Miles-Matthias v. Zoning Bd. of Appeals of Seekonk, 84 Mass. App. Ct. 778, 782 (2014) (knowledge of building permit application put plaintiff on constructive notice that building inspector would issue decision on application). Indeed, as an abutter (and, accordingly, a "part[y] in interest," G. L. c. 40A, § 11 [Note 8]), Martin would have received notice by mail of the board's hearing on Cellco's application for a variance. See G. L. c. 40A, § 10. Nor does Martin claim that there was any sort of impediment to her filing a timely appeal from the board's decision. See G. L. c. 40A, § 17 (twenty-day period for appealing board decision). "A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights." R&G Mtge. Corp., 584 F.3d at 8. "Perfect knowledge of the particulars of the pending litigation is not essential to start the clock running; knowledge of a measurable risk to one's rights is enough." Id. In this case, Martin would have known that her rights were imperiled arguably as early as when she received notice of the board's hearing on Cellco's application for a variance, and certainly no later than when the board issued its decision granting it.

 It is against this backdrop that we consider that Martin waited more than a year after Galbi filed his complaint before seeking to intervene. This appears to have been a deliberate decision, rather than one stemming from lack of knowledge of the suit; indeed, 

 Page 265 

Martin does not claim that she was unaware that Galbi had appealed from the board's decision. Instead, Martin appears to have been content to let Galbi pursue the litigation by himself while she remained on the sidelines. Apparently, the danger of this approach became clear to Martin when she learned of Cellco's motion for summary judgment, and realized that Galbi's claims might be dismissed for lack of standing. While a "wait and see" approach may make practical, economic, or strategic sense for a variety of reasons, it is unlikely to lead to a finding of "timeliness" for purposes of rule 24 (a) (2).

 This is doubly so in the unique context of c. 40A appeals, where our cases have made clear that there is no available avenue for judicial review when a party having actual or constructive notice of a c. 40A decision has failed to timely appeal. See, e.g., Connors v. Annino, 460 Mass. 790, 796-798 (2011); Fisher v. Presti Family Ltd. Partnership, 100 Mass. App. Ct. 234, 242-243 (2021); Miles-Matthias, 84 Mass. App. Ct. at 783; Gallivan v. Zoning Bd. of Appeals of Wellesley, 71 Mass. App. Ct. 850, 857 (2008). The judge did not abuse her discretion in denying Martin's motion to intervene given that it would be anomalous with our case law to permit intervention long after the statutory appeal period to challenge the variance had ended -- especially where Martin does not claim she did not have notice of the board's decision and provides no explanation for her decision not to appeal, let alone not to have sought to intervene sooner in Galbi's suit.

 In addition to these considerations, which go to the first and fourth of the timeliness factors set out in R&G Mtge. Corp., 584 F.3d at 7, we also consider the second and third factors, which ask about prejudice to either party. In this regard, the judge found that allowing Martin to intervene would cause prejudicial delay to the defendants "at this late stage of the proceedings." Martin has not shown that this conclusion is erroneous. As we have set out supra, when Martin filed her motion to intervene, the case had already been actively litigated for over a year, Galbi had filed an amended complaint, the parties had engaged in discovery, Cellco had moved for summary judgment, and discovery was set to close in less than a week. It is also worth considering that allowing Martin to intervene would further delay Cellco's ability to erect the tower. It is true, as Martin argues, that certain discovery disputes remained open, that discovery had not been completed, that Galbi had not yet filed his opposition to the motion for 

 Page 266 

summary judgment, and that Martin offered to adopt Galbi's amended pleading as her own if she were permitted to intervene. But the fact that more remained to be done in the litigation does not foreclose a finding that Cellco would be prejudiced by the delay caused by permitting Martin to intervene. [Note 9]

 As to prejudice to Martin, the case is somewhat unusual in that Martin does not argue that Galbi's interests differed from Martin's in any way, or that Galbi had less incentive to pursue those interests to the same degree; indeed, Martin's willingness to adopt Galbi's pleadings is a good indication that their positions and interests are the same. Instead, Martin points to the fact that Galbi's standing to pursue those interests is less secure because he is not an abutter, and that Galbi is pursuing the litigation pro se. As to the first, even though Galbi is not an abutter, he is in a position to continue to press the case against Cellco. As to the second, Martin offers no specifics as to how Galbi's pro se status has affected Galbi's ability to protect his interest in opposing the proposed tower, nor does Martin explain why Galbi's pro se status did not prompt Martin to enter the litigation earlier.

 In the circumstances, and particularly considering the statutory timeline imposed by c. 40A, the judge did not err in concluding that Martin's motion to intervene was untimely. Accordingly, we affirm the denial of Martin's motion to intervene.

So ordered.

FOOTNOTES
[Note 1] Doing business as Verizon Wireless. 

[Note 2] Zoning board of appeals of Wayland. 

[Note 3] The board voted to grant the variance at a meeting held on June 25, 2019. The written decision of the board was issued on July 23, 2019. 

[Note 4] Tamara Mironchikova, who has not joined this appeal. 

[Note 5] The question of Galbi's standing (presumptive or otherwise) is not before us in this appeal, and neither party has briefed or argued the issue. 

[Note 6] "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." 

[Note 7] Martin does not argue permissive intervention under Mass. R. Civ. P. 24 (b), 365 Mass. 769 (1974), and we accordingly do not consider the issue. 

[Note 8] "'Parties in interest' as used in this chapter shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner . . . ." G. L. c. 40A, § 11. 

[Note 9] Martin asks us to consider developments in the underlying litigation that occurred after the filing of her motion, which she argues show that Cellco would not have been prejudiced by allowing her to intervene. But this we cannot do. We review the judge's decision based on the posture of the case at the time the motion to intervene was made. See R&G Mtge. Corp., 584 F.3d at 7 (rule 24 [a] [2] "factors must be appraised in light of the posture of the case at the time the motion is made"). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.