NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-93                                          Appeals Court

        HOLLAND BRANDS SB, LLC  vs.  BOARD OF APPEAL OF BOSTON.

                          No. 23-P-93.

        Suffolk.     October 12, 2023. – February 16, 2024.

             Present:  Neyman, Henry, & Ditkoff, JJ.


Practice, Civil, Intervention, Zoning appeal.  Zoning, Appeal,
     Person aggrieved.  Boston.  Municipal Corporations,
     Marijuana.



        Civil action commenced in the Superior Court Department on
August 6, 2021.

        A pretrial motion to intervene was heard by Janet L.
Sanders, J.; the case was heard by Jackie A. Cowin, J., and a
postjudgment motion to intervene also was heard by her.


        Matthew Dillon Rogers for Kate Gutierrez & others.
        Dennis E. McKenna for the plaintiff.
        Katherine Jones, Assistant Corporation Counsel, for the
defendant, was present but did not argue and joined in the brief
of the plaintiff.


        DITKOFF, J.  Holland Brands SB, LLC (Holland Brands) filed

a complaint in Superior Court challenging the denial by the

board of appeal of Boston (board) of two permits it needed to

operate a marijuana shop in the South Boston section of Boston. Holland Brands was ultimately successful, and a judge ordered the board to issue the permits. The prospective interveners, Kate Gutierrez, Helen Chan, David Schramm, and Danah Al-Husaini, appeal from Superior Court orders denying their pretrial and postjudgment motions to intervene in this action. We conclude that we lack jurisdiction over their appeal from the denial of the pretrial motion to intervene because such an appeal must be taken within thirty days of the denial of the motion; the movant cannot wait until after final judgment. We discern no abuse of discretion in the judge's conclusion that the second motion to intervene was untimely, where its basis became apparent after the denial of their first motion to intervene but before judgment, and the prospective interveners could have protected their rights by appealing the board's issuance of the permits as ordered by the judgment. Accordingly, we affirm.

1. Background. In November 2019, Holland Brands submitted an application to the board for conditional use permits to operate a marijuana shop in South Boston.[1] The prospective interveners opposed the project before the board. On July 21, 2021, the board denied Holland Brands's application. In August

---

[1] Holland Brands obtained the approval of the Boston Cannabis Board and entered into a host community agreement with the city.

2021, Holland Brands appealed to the Superior Court pursuant to the Boston zoning enabling act, St. 1956, c. 665, § 11.

A little more than two months after Holland Brands filed its complaint, the prospective interveners moved to intervene, both as of right and permissively, arguing that their "concerns will not be adequately represented by the [board],"[2] and that they oppose the project "because it places a high-volume supermarket-style retail shop on an already-congested street in one of the most congested neighborhoods in America," creating noise and "dangerous conditions to vehicles and pedestrians." Holland Brands and the board opposed, arguing that the prospective interveners were not "persons aggrieved" by the board's decision to deny the permits, the interests of the prospective interveners and the board were aligned, and the prospective interveners failed to submit a proposed pleading as required pursuant to Mass. R. Civ. P. 24 (c), 365 Mass. 769 (1974). At the hearing, counsel for Holland Brands stated, "At most your Honor could remand it back to the [board] that the [board] is going to make a decision if we ever got there, your Honor." After the hearing, the motion judge denied the motion "for reasons stated in opposition."

---

[2] The prospective interveners supported this statement with unsubstantiated conflict of interest allegations that are not pertinent to our decision.

4

The board litigated the case in Superior Court. Before the trial, the board objected to six of Holland Brands's seven potential witnesses and briefed its position in a pretrial memorandum. At trial, the board cross-examined all of Holland Brands's witnesses and called a local resident as a witness to testify to the prior use of the property at issue.

The trial judge (who was not the motion judge who ruled on the first motion to intervene) issued a ruling on August 2, 2022. The judge found that the board's decision was legally untenable because there were no facts provided to support it. The judge further found that the facts established at trial showed that Holland Brands's "proposal meets the criteria set forth for a conditional use permit" because the evidence showed that the proposed dispensary "will not generate any notable increase in traffic or crime," has "an adequate security plan in place . . . which will likely increase safety in the area," "will improve the aesthetics," has adequate parking, and "is surrounded by industrial and commercial uses on three sides." The trial judge also found that the board's approval of "other locations that are similarly close to residential neighborhoods, and/or lack the amenities of the South Boston site" demonstrate that the board's decision denying these permits was pretextual.

The judge ordered, "FINAL JUDGMENT is to enter in favor of the plaintiff, ANNULLING the decision of the Board denying its

applications for conditional use permits to operate a retail cannabis facility at the Property, and provide associated parking.  The requested permits shall issue."

On August 19, 2022, the prospective interveners moved to intervene again, both as of right and permissively, intending to appeal the judgment.  After a hearing, the trial judge denied the second motion to intervene.  Among other reasons, the trial judge found that the motion was untimely as "[t]here's been no surprising turn of events here."  The prospective interveners filed a notice of appeal, purporting to appeal the denial of both motions to intervene.  This appeal followed.[3]

2.  First motion to intervene.  "An 'interlocutory order denying intervention as of right under Mass. R. Civ. P. 24 (a), 365 Mass. 769 (1974), is immediately appealable.'"  Reznik v. Garaffo, 466 Mass. 1034, 1035 (2013), quoting Care & Protection of Richard, 456 Mass. 1002, 1002 (2010).  "At least where there is also an appeal from a denial of a claim of intervention as of right, we will also consider the denial of a request for permissive intervention."  Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 210 n.4 (2011), quoting Massachusetts Fed'n of

_____

[3] The board did not appeal the Superior Court judgment.  The prospective interveners filed a notice of appeal of the underlying judgment, which was struck solely because the motion to intervene had been denied.

Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 204-205 (1991). Accord Care & Protection of Rae, 454 Mass. 1019, 1019-1020 (2009) (where motion to intervene argues permissive intervention and interventions as of right, denial immediately appealable).[4] "Logic dictates this result: the denial of leave to intervene functions as a final order, because it eliminates the intervener from the litigation." Massachusetts Fed'n of Teachers, supra at 205.

"In interpreting this rule, we look for guidance to decisions of Federal courts concerning Fed. R. Civ. P. 24(a), as the Massachusetts rule on intervention is nearly identical to this analogous rule." Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017). Accord Hiyab, Inc. v. Ocean Petroleum, LLC, 183 Md. App. 1, 11 (2008). Thus informed, we agree with what appears to be the unanimous view that, "[o]nce the [trial] court enters the order denying intervention, a party has 30 days to file a notice of appeal. [The party] 'may not await final judgment in the underlying action' to do so" (citations omitted). Sharp Farms v. Speaks, 917 F.3d 276, 289 (4th Cir. 2019). "The appeal cannot be kept in reserve; it must be taken within thirty days of the entry of the order, or not at all."

---

[4] It is unsettled (perhaps because most motions to intervene request intervention both as of right and permissively) whether the denial of a motion for permissive intervention only would be immediately appealable.

Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 703 (1st Cir. 1996). Accord Hutchinson v. Pfeil, 211 F.3d 515, 518 (10th Cir.), cert. denied, 531 U.S. 959 (2000); United States v. Milwaukee, 144 F.3d 524, 528 (7th Cir. 1998); United States Envtl. Protection Agency v. Green Forest, 921 F.2d 1394, 1401 (8th Cir. 1990), cert. denied sub nom. Work v. Tyson Foods, Inc., 502 U.S. 956 (1991); Hunter v. Department of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988); Hiyab, Inc., supra at 11-12; In re Barnes Found., 582 Pa. 370, 374 (2005).[5]

This rule is merely a corollary to the requirement that all motions to intervene be timely. See Mass. R. Civ. 24 (a), (b), 365 Mass. 769 (1974). It would make little sense to require prospective interveners to file a motion to intervene in the trial court in a timely manner and then allow them to sit back

---

[5] One exception applies in the unusual situation where an existing party moves to intervene in a different capacity. The general rule is based on the fact that "[s]uch a proposed intervenor's future involvement in the lawsuit, whether at the trial or appellate level, is foreclosed entirely by the denial of intervention." Carlough v. Amchem Prods., 5 F.3d 707, 712 (3d Cir. 1993). Accordingly, "anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention." Id. at 712, citing Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377-378 (1987). Cf. Sierra Club v. San Antonio, 115 F.3d 311, 314 (5th Cir. 1997) (denial of motion to intervene by one State agency immediately appealable even if other State agencies are allowed to intervene).

and watch the proceedings unfold, perhaps for years, without pursuing their appellate remedy.[6]

"In a civil case, unless otherwise provided by statute, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within [thirty] days of the date of the entry of the judgment, decree, appealable order, or adjudication appealed from."  Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal."  Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 152 (2023), quoting DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018).  Here, the notice of appeal challenging the denial of the motions to intervene was filed more than nine months after the denial of the first motion to intervene was docketed, rendering it inoperable as to the first motion to intervene.  Accordingly, we lack jurisdiction to review the denial of the first motion to intervene.

3.  Second motion to intervene.  "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or

---

[6] Frostar Corp. v. Malloy, 77 Mass. App. Ct. 705 (2010), is not to the contrary.  There the motion to intervene was first raised at the start of the trial.  Id. at 708-709.  Accordingly, as a review of the record in that case reveals, the prospective interveners' notice of appeal, filed after final judgment, was filed within thirty days of the denial of intervention.

transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Mass. R. Civ. P. 24 (a), 365 Mass. 769 (1974).  Permissive intervention also requires a timely motion. See Mass. R. Civ. P. 24 (b), 365 Mass. 769 (1974) ("Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common" [emphasis added]).[7] "The motion [to intervene] shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."  Mass. R. Civ. P. 24 (c), 365 Mass. 769 (1974).  "A judge has discretion in determining whether an intervening party has demonstrated facts that entitle him or her to intervention as of right, and we accordingly review the judge's factual findings for clear error."  Galbi v. Cellco Partnership, 101 Mass. App. Ct. 260,

---

[7] The Boston zoning act grants "[a]ny person aggrieved by a decision" of the board the right to "appeal to the [Suffolk] superior court [or Boston housing court]."  St. 1956, c. 665, § 11.  The prospective interveners argue that this statute entitles them to intervene in this action because they were "aggrieved" when the board decided not to appeal the Superior Court judgment.  A "decision" of the board for the purposes of the Boston zoning act does not include choices made as part of its litigation strategy.

262 (2022), quoting <u>Fremont Inv. & Loan</u>, 459 Mass. at 217. "It is only after the subsidiary facts have been determined that an appellate court then determines as a matter of law whether the circumstances are sufficient to meet the requirements of intervention as of right." <u>Reilly</u> v. <u>Hopedale</u>, 102 Mass. App. Ct. 367, 384 (2023). Here, the trial judge acted within her discretion in concluding that the second motion to intervene was untimely.

A judge considering the timeliness of a motion to intervene should consider "the totality of the circumstances," but "'the length of time that the putative intervenor knew or reasonably should have known that his interest was imperilled before he deigned to seek intervention' is 'the most important factor.'" <u>Galbi</u>, 101 Mass. App. Ct. at 264, quoting <u>In re Efron</u>, 746 F.3d 30, 35 (1st Cir. 2014). "[P]ostjudgment motions to intervene, whether as of right or permissive, are seldom timely." <u>Johnson Turf & Golf Mgt., Inc</u>. v. <u>Beverly</u>, 60 Mass. App. Ct. 386, 389 (2004), quoting <u>Bolden</u> v. <u>O'Connor Café of Worcester, Inc</u>., 50 Mass. App. Ct. 56, 61 (2000). Nonetheless, they may be timely where "the underlying action takes an unexpected turn." <u>Johnson Turf & Golf Mgt., Inc</u>., <u>supra</u> at 390, quoting <u>Butts</u> v <u>Zoning Bd. of Appeals of Falmouth</u>, 18 Mass. App. Ct. 249, 254 (1984).

As mentioned, a motion to intervene must be "accompanied by a pleading setting forth the claim or defense for which

intervention is sought." Mass. R. Civ. P. 24 (c). Here, the only accompanying pleading was a notice of appeal. The prospective interveners, however, do not identify any legal error in the Superior Court judge's trial judgment that they intend to raise on appeal. See Bolden, 50 Mass. App. Ct. at 68-69 (affirming denial of postjudgment intervention as of right where prospective intervener's "argument is notably vague and skimpy on the details of the appellate issues it wishes to pursue, suggesting only that they involve evidentiary errors and insufficiency of the evidence as to a key element of the tort"). Rather, they request a new trial because, they claim, the board "proceeded at trial with a lack of diligence." They posit that they could receive a new trial by intervening and then appealing the judgment on the ground that they could present a stronger case at a new trial. Wanting to present stronger evidence at a new trial, however, is not a ground to challenge a judgment on appeal.

If the basis for intervention is the board's alleged lack of diligence, the prospective interveners needed to move to intervene as soon as it became apparent that the board was not going to put on a case that met their standards. See Barkan v. Zoning Bd. of Appeals of Truro, 95 Mass. App. Ct. 378, 387 (2019). The prospective interveners were aware of this well before judgment, as they were monitoring the litigation, and the

board filed a joint pretrial memorandum listing a single witness. Once the prospective interveners believed or had reason to believe that the board was not adequately representing their interests, it was incumbent on them to act promptly, rather than to hope that the board would prevail nonetheless.

Beyond that, the only justification the prospective interveners provide for the timing of their motion is the assertedly unexpected development that the trial judge ordered the issuance of the permits, rather than remanding to the board for reconsideration. The prospective interveners, however, did not need to intervene to protect their interests in this regard, nor would intervention be helpful. After the board issued the permits, pursuant to a judicial decree or not, the prospective interveners had the right to appeal that issuance, assuming they could establish their status as "aggrieved" persons. See St. 1956, c. 665, § 11 ("Any person aggrieved by a decision of said board of appeal . . . may appeal to the [Suffolk] superior court [or Boston housing court] . . . within twenty days after such decision is filed with the building commissioner"); Prudential Ins. Co. of Am. v. Board of Appeals of Westwood, 18 Mass. App. Ct. 632, 635 (1984) (prospective interveners to permit seeker's appeal of zoning board's decision not entitled to intervene where action did not impact their rights to bring action pursuant to G. L. c. 40A, § 17). Cf. Galbi, 101 Mass. App. Ct.

at 264-266 (motion to intervene untimely where prospective intervener could have appealed grant of variance). Unlike allowing the prospective interveners to appeal the judgment based on the record presented by the board, this path would have allowed the prospective interveners the possibility of producing their own evidence in opposition to the permits.

Contrary to the suggestion in the prospective interveners' brief, Morganelli v. Building Inspector of Canton, 7 Mass. App. Ct. 475 (1979), is consistent with this method of challenging the issuance of a permit. In Morganelli, we held that, where the building inspector had been ordered to issue permits in a previous mandamus action, the abutter plaintiffs were precluded on the ground of res judicata from bringing a mandamus action to prevent issuance of those same permits because their interests had been adequately represented by the building inspector in the first lawsuit. Id. at 476-479, 482, 486. "Morganelli (at 481-486) applies the doctrine that a private individual whose interests in the enforcement of zoning laws have been represented in a previous litigation by a public agency or official and who does not have rights specifically granted by statute is thereafter barred from instituting his own litigation." Butts, 18 Mass. App. Ct. at 254-255. The abutter plaintiffs there were "not pursuing their limited statutory right" under G. L. c. 40A, § 17. Morganelli, supra at 485 n.16.

See Prudential Ins. Co. of Am., 18 Mass. App. Ct. at 636 ("the court [in Morganelli] noted that the plaintiffs in the later action were not pursuing any § 17 rights").[8]  Morganelli, therefore, poses no bar to a challenge to the issuance of a permit raised through G. L. c. 40A, § 17, or the analogous provision in the Boston zoning act.

4.  Conclusion.  The appeal of the order entered November 26, 2021, denying the prejudgment motion to intervene is dismissed for want of jurisdiction.  The order entered August 29, 2022, denying the postjudgment motion to intervene is affirmed.

So ordered.

---

[8] In resolving legal questions posed by the Boston zoning act, "we are guided by cases decided under the analogous provisions of G. L. c. 40A, § 17."  311 W. Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016).