NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1130

DUANE E. GALBI

vs.

ZONING BOARD OF APPEALS OF WAYLAND & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On August 9, 2019, Duane Galbi, who lives on Meadowview Road, filed a timely complaint with the Land Court seeking review pursuant to G. L. c. 40A, § 17 of a decision by the zoning board of appeals of Wayland, which granted a variance to Cellco Partnership, doing business as Verizon Wireless (Cellco), to construct a cell tower on its property on Meadowview Road. Almost three years later, on June 27, 2022, Eshwan Ramudu and Taylor Cadden (prospective interveners) filed separate motions seeking to intervene in the Land Court action.  Both prospective interveners lived on Meadowview Road at the time of their motions, but not when Galbi filed his complaint.

---

[1] Cellco Partnership, doing business as Verizon Wireless.

A judge of the Land Court (motion judge) denied these motions, concluding that the motions, filed nearly three years after Galbi filed his original complaint, were untimely. The motion judge also found that Cellco would be significantly prejudiced by any further delay because discovery, which had been going on for a lengthy period of time, was about to be closed and a trial date to be scheduled. She also found that the interveners, who did not own property in the neighborhood at the time that the variance was granted or at any point within the twenty-day appeal period under G. L. c. 40A, § 17, lacked standing at the time the complaint was filed.

Finally, and significantly, she concluded that the prospective interveners would suffer little if any prejudice from the denial of intervention. This was because, despite Galbi's being self-represented, the prospective interveners had not argued that Galbi's interests differed from theirs or that he had any less incentive to pursue those interests. The prospective interveners had indicated their willingness to adopt Galbi's pleadings, a factor that, as this court concluded in an earlier appeal in this same case, "is a good indication that their positions and interests are the same." Galbi v. Cellco Partnership, 101 Mass. App. Ct. 260, 266 (2022) (Galbi I).

2

The prospective interveners appealed the order denying their motions to intervene. The case then proceeded to a two-day trial and is currently still under advisement.

Discussion. Before us now is the prospective interveners' appeal from the denial of their motions to intervene. See Massachusetts Fed'n of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 204-205 (1991) (denial of motion to intervene as of right is appealable as final order). Massachusetts Rule of Civil Procedure 24 (a), 365 Mass. 769 (1974), provides, in relevant part,

> "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The putative intervener must demonstrate three things: (1) that their motion is timely; (2) that they have an interest in the subject of the action such that disposition of the action would impede or impair their ability to protect that interest; and (3) that their interest must not be adequately represented by the existing parties to the litigation. See Galbi I, 101 Mass. App. Ct. at 263. We affirm the denial of the motions to intervene, not on the basis of untimeliness or standing but on the ground that, as the judge effectively concluded in her discussion of

3

prejudice, the prospective interveners have not demonstrated that Galbi's representation would be inadequate.  See Gabbidon v. King, 414 Mass. 685, 686 (1993) (appellate court may affirm on "any ground apparent on the record," even if not argued to trial court).

"A judge has discretion in determining whether an intervening party has demonstrated facts that entitle him or her to intervention as of right, and we accordingly review the judge's factual findings for clear error."  Galbi I, 101 Mass. App. Ct. at 262, quoting Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 217 (2011).  The factual findings which underpin the motion judge's analysis are uncontested.  We accordingly review whether the prospective interveners have met the requirements for intervention de novo as it is a question of law.  See Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017).

Focusing on the third requirement, we hold the prospective interveners failed to meet their burden for intervention as of right, namely they failed to demonstrate that the existing plaintiff, Galbi, could not adequately represent the prospective interveners' interests.  "If [the prospective interveners' interests are] identical to that of one of the present parties . . . then a compelling showing should be required to demonstrate why this representation is not adequate."  Mayflower

4

Dev. Corp. v. Dennis, 11 Mass. App. Ct. 630, 637 (1981). We hold that the interests of Galbi and the prospective interveners are identical, and the prospective interveners did not make the requisite showing demonstrating why Galbi's representation was not adequate.

First, the record is clear that, as presented to the motion judge, the interests of the prospective interveners and Galbi were substantially the same or identical. The prospective interveners agreed to "adopt the Plaintiff's final amended Complaint as [their] Complaint in intervention."[2] We can see no way to interpret this other than to understand that the prospective interveners' complaints were the same as Galbi's, specifically that, as nearby residents, they would be subjected to the view of the cell tower. The prospective interveners' general statements in their motions that "[t]he Movant does not desire to have his property value and health subject to any effects of the Tower" does not void their agreement in those same motions to adopt the plaintiff's "final amended Complaint" as their own and not add any other claims specific to the

---

[2] Although the prospective interveners argued during oral arguments that they had planned to pursue claims that Galbi did not pursue, such as diminution of property value, their motions do not support this assertion.

prospective interveners.[3]  Further indicating the alignment of

interests, at the motion hearing, the prospective interveners

offered to forgo any discovery.  Accordingly, we hold that the

prospective interveners' interests and Galbi's interests as of

the time of the motion to intervene were substantially the same

or identical.

Second, the prospective interveners have not made a

sufficiently "compelling showing" that Galbi's representation

was not going to be adequate.  Mayflower Dev. Corp., 11 Mass.

App. Ct. at 637.  Despite being pro se themselves during the

appeal, the prospective interveners argued that Galbi, also a

pro se litigant, would not be sophisticated or skilled enough to

represent their interests.  Put plainly, this is not enough.

Earlier in this same litigation, a different party attempted to

intervene, and in that instance, we required that prospective

intervener to specifically state how Galbi's pro se status has

_____

[3] Although Galbi's amended complaint filed in September 2019
mentioned issues related to health and property values, no
document entitled "final amended Complaint" appears on the Land
Court docket or in the record appendix on appeal.  The most
recent statement of Galbi's claims appears to be his "[a]mended
[s]tatement of [c]laims" filed in September 2020, which made no
mention of property value or health concerns.  Moreover, in a
summary judgment order dated February 4, 2021, the judge ruled
that Galbi could not rely on claimed adverse effects on health
or property value as grounds to establish standing.  Thus, at
the time the prospective interveners moved to intervene in June
2022, no live claims concerning health or property value impacts
remained in the case.

or would prejudice them.  Galbi I, 101 Mass. App. Ct. at 266 ("Martin offers no specifics as to how Galbi's pro se status has affected Galbi's ability to protect his interest in opposing the proposed tower.").  Here again, the prospective interveners have not stated what approach or tactic would be unavailable due to Galbi's pro se status or how, specifically, the manner in which Galbi was conducting himself or the litigation caused them prejudice.  Without an alleged or predicted specific harm suffered to the prospective interveners due to Galbi's pro se status, they have not made a sufficiently "compelling showing" that Galbi's representation is not adequate.  Mayflower Dev. Corp., supra at 637.  We also note that the prospective interveners argue that, with the benefit of hindsight now that the case has been tried, Galbi could have performed better during trial.  We cannot analyze Galbi's trial performance after the fact and must consider only the evidence which was before the motion judge at the time she determined whether to allow or deny the motion to intervene.  See Bank of N.Y. v. Bailey, 460 Mass. 327, 329 n.4 (2011).  Galbi's handling of the trial is accordingly not part of our consideration.

Because the prospective interveners' intertest are substantially similar to Galbi's and they had not shown that Galbi's representation was going to be inadequate, we hold that

7

the prospective interveners failed to meet an essential requirement for intervention.  Accordingly, we affirm.

                              Order denying motions to
                                 intervene affirmed.

                              By the Court (Sacks, Singh &
                                 Walsh, JJ.[4]),

                              Assistant Clerk

Entered:  April 10, 2024.

---

[4] The panelists are listed in order of seniority.